UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRUCE VELEZ,

                        Plaintiff,                          13CV9109(AKH)

       - against -                                  COMPLAINT AND
                                                             DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, DANIEL BACA,
and ARTHUR SMITH, Individually and in Their      ECF CASE
Official Capacities,

                      Defendants
------------------------------------------------------------x

       Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

       1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Bruce Velez by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the Constitution and the laws of the State of New York.

       2. Plaintiff Bruce Velez is a citizen of the United States who, on May 7, 2013, was lawfully present in a courtyard of the building located at 1420 Grand Concourse, in the Bronx, New York, when he was seized by defendants Daniel Baca and Arthur Smith, who were New York City police officers, subjected to a search during which the plaintiff's shorts and undershorts were pulled below his buttocks and the plaintiff's genitals were touched, handcuffed, driven around in a van for several hours while the police officers arrested other individuals, transported to the 44th Precinct, where he was imprisoned until the following morning, and then transported to Bronx Central Booking, where he continued to be imprisoned until he was arraigned on May 8, 2013, on charges

of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana and released on his own recognizance. On May 30, 2013, the criminal proceeding against the plaintiff was advanced at the request of the District Attorney and the charges against the plaintiff were dismissed.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Bruce Velez' constitutional and civil rights, and in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Daniel Baca and Arthur Smith can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Bruce Velez is a citizen of the Untied States who, at all times relevant herein, resided in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Daniel Baca is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Daniel Baca was acting within the scope of his employment by defendant The City of New York.

11. Defendant Arthur Smith is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Arthur Smith was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On August 28, 2013, plaintiff Bruce Velez served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14. Plaintiff Bruce Velez' motion to extend his time to serve a Notice of Claim was granted by an order of New York Supreme Court Justice Larry S. Schachner dated October 31, 2013, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

15. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though the same were set forth fully herein.

17. On May 7, 2013, plaintiff Bruce Velez was lawfully present in a courtyard of the building located at 1420 Grand Concourse, in the Borough of the Bronx, City and State of New York.

18. At the above time and place, defendants Daniel Baca and Arthur Smith arrested plaintiff Bruce Velez.

19. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Bruce Velez.

20. Plaintiff Bruce Velez had not engaged in and was not engaged in any criminal activity.

21. Defendant Daniel Baca physically seized plaintiff Bruce Velez.

22. Defendant Daniel Baca proceeded to conduct a search of plaintiff Bruce Velez.

23. Defendant Daniel Baca pulled plaintiff Bruce Velez' shorts and underwear below the plaintiff's buttocks, exposing the plaintiff's genitals.

24. In the course of searching plaintiff Bruce Velez' underwear, defendant Daniel Baca touched the plaintiff's genitals.

25. At the time of this search of the plaintiff's underwear, there were more than twenty-five people in the courtyard watching.

26. Defendant Daniel Baca handcuffed plaintiff Bruce Velez' wrists.

27. Defendants Daniel Baca and Arthur Smith then placed plaintiff Bruce Velez in a police van.

28. Instead of transporting plaintiff Bruce Velez directly to a police precinct, the defendants drove the plaintiff around in the rear of a police van for several hours while the individual defendants arrested other individuals and placed them in the rear of the van.

29. The defendants subsequently transported plaintiff Bruce Velez to the 44th Precinct, where the plaintiff was imprisoned.

30. Plaintiff Bruce Velez was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

31. Upon information and belief, on May 7 or May 8, 2013, defendant Daniel Baca falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Bruce Velez had possessed thirteen clear bags containing marijuana allegedly found in a stairwell of the building at 1420 Grand Concourse.

32. On May 8, 2013, defendant Daniel Baca instituted a criminal proceeding against plaintiff Bruce Velez in the Criminal Court of the City of New York, County of Bronx, accusing the plaintiff of the crime of Criminal Possession of Marijuana in the Fifth Degree and the violation of Unlawful Possession of Marijuana.

33. On May 8, 2013, plaintiff Bruce Velez was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

34. On May 30, 2013, the criminal charges brought against plaintiff Bruce Velez were dismissed on motion of the District Attorney.

## COUNT ONE
## UNREASONABLE SEARCH AND SEIZURE UNDER 42 U.S.C. §1983

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though the same were set forth fully herein.

36. Defendants Daniel Baca and Arthur Smith lacked a reasonable suspicion that plaintiff Bruce Velez had engaged in, was engaged in, or was about to engage in criminal activity.

37. Defendants Daniel Baca and Arthur Smith lacked a reasonable belief that plaintiff Bruce Velez had a weapon concealed on his person.

38. Upon information and belief, defendants Daniel Baca and Arthur Smith stopped and searched plaintiff Bruce Velez on May 7, 2013 because of his race.

39. The stop and search of plaintiff Bruce Velez by defendants Daniel Baca and Arthur Smith on May 7, 2013, violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the Untied States.

40. Defendants Daniel Baca and Arthur Smith were acting under color of state law when they stopped and searched plaintiff Bruce Velez on May 7, 2013.

41. Defendants Daniel Baca and Arthur Smith deprived plaintiff Bruce Velez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by stopping and searching plaintiff Bruce Velez.

42. As a result of the stop and search of plaintiff Bruce Velez by defendants Daniel Baca and Arthur Smith, the plaintiff suffered embarrassment, humiliation and emotional distress.

### COUNT TWO
### PUBLIC STRIP SEARCH UNDER 42 U.S.C. §1983

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this complaint as though the same were set forth fully herein.

44. The partial removal and search into plaintiff Bruce Velez' shorts and undergarment constituted a strip search.

45. The partial removal and search into plaintiff Bruce Velez' shorts and undergarment in public view was not reasonable.

46. The strip search of plaintiff Bruce Velez in a public place violated his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

47. Defendants Daniel Baca and Arthur Smith were acting under color of state law when they subjected plaintiff Bruce Velez to a strip search in a public place.

48. Defendants Daniel Baca and Arthur Smith deprived plaintiff Bruce Velez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Bruce Velez to a strip search in a public place.

49. As a result of the strip search of plaintiff Bruce Velez in a public place by defendants Daniel Baca and Arthur Smith, the plaintiff suffered embarrassment, humiliation and emotional distress.

## COUNT THREE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

50. Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as though the same were set forth fully herein.

51. The seizure, arrest, and imprisonment of plaintiff Bruce Velez on May 7, 2013, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

52. The charges upon which defendants Daniel Baca and Arthur Smith arrested plaintiff Bruce Velez were false.

53. The charges were made by defendants Daniel Baca and Arthur Smith against plaintiff Bruce Velez with knowledge that they were false.

54. Plaintiff Bruce Velez was aware of his seizure, arrest, and imprisonment by defendants Daniel Baca and Arthur Smith.

55. Plaintiff Bruce Velez did not consent to his seizure, arrest or imprisonment.

56. As a result of the foregoing, plaintiff Bruce Velez was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

57. The seizure, arrest and imprisonment of plaintiff Bruce Velez by defendants Daniel Baca and Arthur Smith on May 7, 2013, deprived the plaintiff of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

58. Defendants Daniel Baca and Arthur Smith were acting under color of state law when they seized, arrested and imprisoned plaintiff Bruce Velez on May 7, 2013.

59. Defendants Daniel Baca and Arthur Smith deprived plaintiff Bruce Velez of his rights to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States, and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Bruce Velez on a false criminal charge.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

60. Plaintiff incorporates by reference paragraphs 1 through 59 of this Complaint as

though the same were set forth fully herein.

61. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

63. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and searching individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity, in violation of the Fourth Amendment of the Constitution of the United States.

64. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and searching Hispanic individuals on the basis of their race in violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

65. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York are demonstrated by the findings and holding in the decision of the Court dated August 12, 2013 in *Floyd v. The City of New York*, 08 Civ 1034, 2013 WL 4046209.

66. The adoption of a policy, practice and/or custom of stopping and searching individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

67. The seizure, search and arrest of plaintiff Bruce Velez on May 7, 2013 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping and searching individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race or national origin.

68. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race or national origin.

69. Defendant The City of New York deprived plaintiff Bruce Velez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race or national origin.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

70. Plaintiff incorporates by reference paragraphs 1 through 69 of this Complaint as though the same were set forth fully herein.

71. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City

Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Daniel Baca and Arthur Smith are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

72. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

73. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

74. Nevertheless, defendant The City of New York exercised deliberate indifference to the rights of persons with whom its police officers come into contact by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

75. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Bruce Velez would be violated.

76. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Bruce Velez.

77. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

78. Defendant The City of New York deprived plaintiff Bruce Velez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest of plaintiff Bruce Velez on false criminal charges and the subjection of plaintiff Bruce Velez to an unreasonable public strip search on May 7, 2013.

## COUNT SIX
## COMMON LAW ASSAULT AND BATTERY

79. Plaintiff incorporates by reference paragraphs 1 through 78 of this Complaint as though the same were set forth fully herein.

80. Defendants Daniel Baca, Arthur Smith and The City of New York committed an assault and battery on the person of plaintiff Bruce Velez on May 7, 2013, by physically seizing the plaintiff.

81. As a result of the foregoing, plaintiff Bruce Velez experienced pain, physical and emotional distress, and anxiety.

## COUNT SEVEN
## COMMON LAW BATTERY

82. Plaintiff incorporates by reference paragraphs 1 through 81 of this Complaint as though the same were set forth fully herein.

83. Defendants Daniel Baca, Arthur Smith and The City of New York committed a battery on the person of plaintiff Bruce Velez on May 7, 2013, by pulling the plaintiff's shorts and

underwear below his buttocks and touching his genitals.

84. As a result of the foregoing, plaintiff Bruce Velez experienced physical and emotional distress, and anxiety.

## COUNT EIGHT
## PUBLIC STRIP SEARCH UNDER ARTICLE I, §12 OF THE CONSTITUTION OF THE STATE OF NEW YORK AND NEW YORK CIVIL RIGHTS LAW §8

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as though the same were set forth fully herein.

86. Defendants Daniel Baca, Arthur Smith and The City of New York deprived plaintiff Bruce Velez of his right to be free of unreasonable searches and seizures guaranteed by Article I, Section 12 of the Constitution of the State of New York and Section 8 of the Civil Rights Law of the State of New York by subjecting the plaintiff to a public strip search.

87. As a result of the foregoing, plaintiff Bruce Velez suffered emotional distress, embarrassment and humiliation.

## COUNT NINE
## COMMON LAW ASSAULT AND BATTERY

88. Plaintiff incorporates by reference paragraphs 1 through 87 of this Complaint as though the same were set forth fully herein.

89. Defendants Daniel Baca, Arthur Smith and The City of New York committed an assault and battery on the person of plaintiff Bruce Velez on May 7, 2013, by handcuffing the plaintiff.

90. As a result of the foregoing, plaintiff Bruce Velez experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TEN
## COMMON LAW FALSE IMPRISONMENT

91. Plaintiff incorporates by reference paragraphs 1 through 90 of this Complaint as though the same were set forth fully herein.

92. Defendants Daniel Baca, Arthur Smith and The City of New York falsely imprisoned plaintiff Bruce Velez on May 7, 2013 by seizing, arresting and imprisoning the plaintiff on false criminal charges.

93. As a result of the foregoing, plaintiff Bruce Velez was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TWELVE
## COMMON LAW MALICIOUS PROSECUTION

94. Plaintiffs incorporate by reference paragraphs 1 through 93 of this Complaint as though the same were set forth fully herein.

95. Defendants Daniel Baca and The City of New York maliciously prosecuted plaintiff Bruce Velez on false charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

96. As a result of the criminal proceeding instituted by defendants Daniel Baca and The City of New York, plaintiff Bruce Velez was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Bruce Velez compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Bruce Velez punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
December 23, 2013

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
STEVEN D. MICHELSTEIN (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880
malaw485@yahoo.com